UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-1394-HEA |
| ) | |
| TERI LAWSON, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Daniel Eldon Kennemore's motion for leave to proceed in forma pauperis, and his petition writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will grant petitioner's motion for leave to proceed in forma pauperis, and dismiss the petition without prejudice.

### Background

The following information is drawn from the instant petition, and from independent review of petitioner's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system. In 1995 in the Circuit Court of St. Charles County, petitioner was convicted of three counts of sodomy, and was sentenced to serve three concurrent ten-year terms in the Missouri Department of Corrections. *See State v. Daniel Eldon Kennemore,* No. 11R019300463-01 (11th Jud. Cir. 1995). In 2005, following the expiration of his sentences, petitioner was civilly committed as a sexually violent predator. *See In the Matter of the Care and Treatment of Daniel Kennemore,* No. 03PR124286 (11th Jud. Cir. 2003) (hereafter "*In re Kennemore*"). Petitioner filed an appeal in the Missouri Court of Appeals, but it was dismissed in March of 2006 upon his motion for voluntary dismissal. *See In the Matter of Daniel*

*Kennemore,* No. ED 86696 (Mo. Ct. App. 2006). At present, petitioner receives care and treatment from the Missouri Department of Mental Health at the Sex Offender Rehabilitation and Treatment Services facility in Farmington, Missouri.

In July of 2006, petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Kennemore v. Missouri,* No. 4:06-cv-1016-CEJ (E.D. Mo. Aug. 29, 2006). However, after petitioner failed to comply with a court order, the petition was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See id.* On February 4, 2008, petitioner again sought habeas relief in this Court pursuant to § 2254, but the petition was dismissed after the Court determined it lacked jurisdiction. *See Kennemore v. Blake,* No. 4:08-cv-173-DJS (E.D. Mo. Feb. 24, 2009).

In accordance with Missouri law, petitioner's mental condition is reviewed annually, and a report is provided to the state court that committed him. *See In re Kennemore*. In petitioner's 2019 mental status report, it is indicated that he reported plans to petition the state court for release. *Id.* On May 15, 2019, he filed a motion to proceed pro se, along with correspondence advising the state court that his petition for release would be filed soon. *See id.* However, on May 31, 2019 and June 3, 2019, he filed correspondence advising the state court that he no longer wished to pursue relief there because he had filed the instant petition in this Court. *See id.*

In the instant petition, petitioner asks this Court to order his release because Missouri's sexually violent predator law is unconstitutional. Petitioner has also filed a voluminous supplement containing material he avers proves his innocence.

**Discussion**

Petitioner obviously seeks to challenge his current state custody pursuant to a civil commitment. However, the petition is subject to dismissal due to petitioner's failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent inquiry reveal, that he applied for release, much less that he appealed the denial of such an application to the Missouri Court of Appeals. In fact, petitioner's state court record shows that he specifically advised the state court that he did not wish to seek relief there. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Docket No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 11th day of June, 2019.

                                        HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE